UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WARREN BESCO,

                  Plaintiff,

    v.

CITY OF LONGVIEW,

                  Defendant.

CASE NO. 3:15-CV-05493-RJB

ORDER ON DEFENDANT'S
MOTION TO COMPEL
DISCOVERY OF FEDERAL TAX
RETURNS

This matter comes before the Court on Defendant's Motion to Compel Discovery of Federal Tax Returns. Dkt. 15. The Court has considered the pleadings filed and the remainder of the file herein.

Plaintiff asserts claims for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, and the Washington Law Against Discrimination ("WLAD"), RCW chapter 49.60 *et seq.* Dkt. 1. Plaintiff seeks recovery of lost employment compensation, lost employment benefits, and monetary damages resulting from emotional distress. *Id.* at ¶13.

1  Defendant now moves to compel production of Plaintiff's federal tax returns. *Id* at 12. For the

2  reasons stated below, the motion to compel should be granted, in part.

3  **I.      FACTS AND PENDING MOTION**

4  **A.  FACTS**

5        According to the Complaint, Plaintiff was employed by Defendant from approximately

6  March of 1984 through January of 2014. Dkt. 1. In December of 2012, Plaintiff injured his

7  shoulder, and in June of 2013, Plaintiff scheduled shoulder surgery and requested leave under the

8  Family Medical Leave Act ("FMLA"). *Id.* Defendant terminated Plaintiff's employment on or

9  about January 13, 2014. Dkt. 12. Plaintiff alleges disability discrimination and a failure to

10 accommodate under the ADA and WLAD. Dkt. 1.

11       In its Amended Answer, Defendant asserts that, "based on information and

12 documentation provided by Plaintiff and his medical providers, Defendant perceived Plaintiff as

13 having an impairment that prohibited him from physically performing the essential duties of his

14 position." Dkt. 12.  Defendant acknowledges that it terminated Plaintiff's employment "after

15 receiving and confirming information that Plaintiff could not physically perform his position

16 with or without reasonable accommodation due to a disability, that Plaintiff's limitations were

17 permanent or long term, and there were no other positions available for which Plaintiff was

18 qualified." *Id.*

19       Parties are engaged in discovery. Defendant propounded the following interrogatory and

20 Plaintiff answered:

21       **INTERROGATORY No. 9**:  Are you making a claim for lost wages and/or lost
         earning capacity as part of your claim for damages? If your answer is "yes," state
22       the following:
                A.  The amount of such claim;
23              B.  The employer from which the wages were lost, the number of hours
                    lost, and the applicable wage rate; and

24

ORDER ON DEFENDANT'S MOTION TO
COMPEL DISCOVERY OF FEDERAL TAX
RETURNS- 2

C.  The name, address, and position of the person who prepared the calculations.

**ANSWER:**

A.  Yes, I am claiming lost wages, both back pay and front pay.  I have not yet determined the amount because it changes and will continue to accrue until either I have found replacement employment at a pay rate equivalent to my lost pay from Defendant or until the date of trial.  I am seeking recovery of all wages, earnings and benefits lost due to inability to work for Defendant, including use of sick leave or personal leave that I may have used or been required to take due to Defendant's actions.  I seek recovery of any benefits lost, plus interest on all liquidated amounts at the statutory rate of 12% per annum.

I also seek damages for loss of opportunity, including promotion, pay increases, transfer, and the like, and its projected effect on future earnings and retirement income, as a result of the negative effects of the defendant's actions on my employability and employment record.

Front  Pay will be calculated based on the same considerations as back pay, from date of trial or award until my expected retirement date, including estimated promotions, pay increases, cost of living, contract adjustments and the like.

B.  City of Longview. Hours lost and applicable wage rate are the number of hours I worked on average in 2012 and 2011 and applicable wage rate is my ending wage rate multiplied or increased by any applicable cost of living, bonus or negotiated wage increase applicable to my position in the time period from June 2013 to the present.

C.  None at present.

Dkt. 16, at 9-10.  In its Request for Production, Defendant further requested:

**REQUEST FOR PRODUCTION No. 8**:  If you answered "yes" to Interrogatory No. 9 and are making a claim for lost wages and/or lost earning capacity, please produce, for inspection and copying, all federal income tax returns prepared and/or filed by you for the last ten (10) years.

**RESPONSE**:

Objection, my personal income tax returns are privileged.  I have had no earnings other than those from my work for Defendant since 1984.  Defendant can calculate my lost income based on information as easily avai1able to you as to me. In 2014 my only income was from disability insurance.

ORDER ON DEFENDANT'S MOTION TO
COMPEL DISCOVERY OF FEDERAL TAX
RETURNS- 3

Attached are recent W-2s, my last pay stub and a statement provided by the City listing my total compensation in 2012.

*Id.* In response, Plaintiff provided Defendant with: W-2 forms from 2010 and 2012-2014; a 2011 IRS wage and income statement; a 2010 1099-R form; a 2013 memorandum from the City of Longview HR Department, which summarizes his 2012 compensation from the City; and W-2 forms from UNUM insurance showing disability payments in 2013 and 2014. Dkts. 16, at 13-19 and 30; and 18, at 2-3.

### B.  PENDING MOTION

On February 25 of 2016, Defendant filed the present motion to compel discovery of Plaintiff's federal tax returns from 2011 through 2015. Dkt. 15. Defendant argues that by claiming damages for lost earnings in the form of front pay and back pay, Plaintiff placed lost earnings in controversy. Dkt. 15, at 1. Defendant further argues that Plaintiff's tax returns are relevant and not privileged, and that "[f]ederal tax returns are the most comprehensive and most reliable method of verifying and calculating Mr. Besco's income from all sources, the extent of his alleged damages, and his mitigation efforts (if any)." *Id.* at 2. Defendant requests the Court compel Plaintiff to "sign a release form authorizing the IRS to produce complete copies of the federal tax returns" to Defendant's legal counsel. Dkt. 15, at 12.

In his Response, Plaintiff argues, "tax returns need not be disclosed unless the requesting party has a compelling need to receive them" because public policy protects tax returns when all relevant information is already available. Dkt. 18, at 2-5. Plaintiff argues that his only employer during the time in dispute was Defendant, that the relevant proof of lost compensation is in Defendant's own records and in records already produced by Plaintiff, and that there is non-relevant information contained in the tax returns that is entitled to protection. *Id.* Plaintiff further

ORDER ON DEFENDANT'S MOTION TO
COMPEL DISCOVERY OF FEDERAL TAX
RETURNS- 4

1    argues, "the City has not provided any evidence that Mr. Besco's answers are untruthful or

2    incomplete." *Id.* at 8, note 7.

3         In its Reply, Defendant indicates that it received a phone call accusing Plaintiff of

4    receiving income "under the table," and that it finds Plaintiff's assertion that he received no other

5    income "dubious" given Plaintiff's testimony that he was an unpaid intern for a friend's

6    company. Dkt. 20, at 3-5. Defendant asserts that tax returns are the most reliable source to

7    confirm Plaintiff's representations, and argues that it cannot determine the relevancy of

8    information contained within the tax returns until it has copies in its possession. Dkt. 20, at 6.

9    Defendant further argues that without this information, it would be unable to sufficiently

10    challenge the damages element of Plaintiff's claim. *Id.*

11

## II.    <u>DISCUSSION</u>

12    Fed. R. Civ. P. 26 (b)(1) provides:

13        Unless otherwise limited by court order, the scope of discovery is as follows:
Parties may obtain discovery regarding any nonprivileged matter that is relevant

14        to any party's claim or defense and proportional to the needs of the case,
considering the importance of the issues at stake in the action, the amount in

15        controversy, the parties' relative access to relevant information, the parties'
resources, the importance of the discovery in resolving the issues, and whether the

16        burden or expense of the proposed discovery outweighs its likely benefit.
Information within this scope of discovery need not be admissible in evidence to

17        be discoverable.

18

19    **A. RELEVANCE AND PRIVILEGE**

20        "Tax returns do not enjoy an absolute privilege from discovery.  Nevertheless, a public

21    policy against unnecessary public disclosure arises from the need, if the tax laws are to function

22    properly, to encourage taxpayers to file complete and accurate returns."  *Premium Serv. Corp. v.*

23    *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)(*internal citations omitted*).  An

24    order compelling production of plaintiff's tax returns may be issued if they are relevant and when

1   there is a compelling need for them because the information sought is not otherwise available.

2   *See Aliotti v. Vessel SENORA*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).

3          Defendant has shown that the wage information in Plaintiff's tax returns is relevant, and

4   in this case, not privileged. Plaintiff has placed lost earnings in controversy, and although he has

5   provided income information regarding disability benefits and wages earned from Defendant,

6   there may be additional relevant information contained within his tax returns. While this Court

7   does not consider the merits of Defendant's claims that Plaintiff may have received income

8   "under the table," Defendant has shown that there is some dispute as to the completeness of

9   Plaintiff's wage information. Further, "tax returns are admissible as impeachment evidence

10  against a witness's character for truthfulness and 'highly relevant' towards calculation of loss of

11  income claim." *Gaillard v. Jim Water Service, Inc.,* 535 F.3d 771, 778 (8th cir. 2008). Defendant

12  would not otherwise have access to additional wage information that may be contained within

13  the tax returns.  Thus, the returns are relevant and not privileged.

14  **B.  PROPORTIONALITY**

15     Defendant has shown that the request for Plaintiff's tax returns is reasonably proportional to

16  the needs of the case, considering that Plaintiff has put his income during the relevant period at

17  issue, the amount of money Plaintiff seeks to recover, Defendant's inability to access the relevant

18  information, and the limited expense to Plaintiff involved.  Further, Plaintiff's income

19  information contained in the tax returns is relatively important in resolving the issue of damages

20  and the benefit of having accurate information outweighs its expense.

21  **C.  CONCLUSION**

22          It is not clear that the documents the Plaintiff provided to the Defendant contain all

23  relevant income information. Plaintiff has put his lost wages in dispute, and to the extent that

24

1   federal tax returns may contain relevant information not revealed by already obtainable

2   documents, Defendant has shown a compelling need for that information.  Additionally, those

3   tax returns are proportional to the needs of this case. As such, Defendant's Motion to Compel

4   Discovery of Federal Tax Returns (Dkt. 15) should be granted, in part.

5          Defendant does not have a compelling need for information such as spouse's income and

6   claimed deductions, like charitable contributions, contained in the tax returns.  Plaintiff should

7   provide Defendant copies of his federal tax returns from 2011 to 2015, securing copies from the

8   IRS if necessary, but need not sign a release authorizing the IRS to produce those returns to

9   Defendant. Plaintiff may redact non-relevant information, but must provide all information

10  pertaining to Plaintiff's income.

11                                    **III.     ORDER**

12         **IT IS ORDERED** that:

13         • Defendant's Motion to Compel Discovery of Federal Tax Returns (Dkt. 15) **IS**

14           **GRANTED, IN PART AND DENIED, IN PART**, as stated herein.

15         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16  to any party appearing *pro se* at said party's last known address.

17         Dated this 18th day of March, 2016.

18

19

20         ROBERT J. BRYAN
           United States District Judge

21

22

23

24

ORDER ON DEFENDANT'S MOTION TO
COMPEL DISCOVERY OF FEDERAL TAX
RETURNS- 7